IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JOHN E. HOWARD,                )
                               )
        Petitioner,             )
                               )
                               )    CIV-13-992-R
v.                             )
                               )
JIM FARRIS, Warden,            )
                               )
        Respondent.             )

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the conviction for Arson in the First Degree entered in the District Court of Oklahoma County, Case No. CF-2007-1892.[1] Respondent has moved to dismiss the Petition on the ground that it is not timely filed under 28 U.S.C. § 2244(d), and Petitioner has responded to the Motion to Dismiss. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be dismissed as untimely.

---

[1] To the extent Petitioner seeks relief concerning a protective order entered against him in Oklahoma County, this claim is not cognizable in a federal habeas proceeding as Plaintiff is not in custody pursuant to a protective order, and the claim will not be considered herein. 28 U.S.C. §2254(a)(granting district courts authority to consider petitions brought by persons in custody pursuant to state court judgment on ground that said custody violates the Constitution, laws, or treaties of United States).

1

I. Background

On June 12, 2007, Petitioner appeared in Oklahoma County District Court with his counsel and entered a guilty plea to a charge of Arson in the First Degree after a prior felony conviction. He was sentenced consistent with a plea agreement to a 10-year term of imprisonment with the sentence to be served concurrently with the sentence imposed in another criminal case then pending against Petitioner in the District Court of Cleveland County, Case No. CF-96-385, Cleveland County District Court,. Brief in Support of Motion to Dismiss (Doc. # 8), Ex. 1, at 3. Petitioner did not seek leave to withdraw his plea or appeal the conviction in Case No. CF-2007-1892. He subsequently applied for post-conviction relief in the district court on March 30, 2009. In his application, Petitioner alleged, in part, that the terms of his plea agreement had been violated because his sentences in Case No. CF-2007-1892 and Case No. CF-96-385 were being run consecutively, rather than concurrently.

In an order entered July 21, 2009, the district court granted Petitioner's request for post-conviction relief and ordered the Oklahoma Department of Corrections to run his "sentence imposed in Oklahoma County Case No. CF-2007-1892 . . . concurrently with the [probation revocation] sentence imposed in Cleveland County Case No. CF-96-385." Id., Ex. 4, at 8.

Petitioner filed a second application for post-conviction relief in the district court on January 10, 2013. Id., Ex. 5. In this application, Petitioner asserted that his double jeopardy rights under Oklahoma law and the United States Constitution had been violated, that he was

2

denied effective assistance of counsel, that his guilty plea was not knowingly or voluntarily entered, and that judicial and prosecutorial misconduct occurred in connection with his plea-based conviction. According to Petitioner, the application was denied by the district court on July 28, 2013. There is no indication in the record that Petitioner appealed this decision prior to filing the instant habeas action on September 13, 2013.

II. Statute of Limitations Governing § 2254 Habeas Petitions by State Prisoners

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, imposes a one-year statute of limitation with respect to the filing of a 28 U.S.C. § 2254 petition by a state prisoner. 28 U.S.C. §2244(d)(1). As an Oklahoma prisoner seeking federal habeas relief, Petitioner's habeas Petition is governed by the AEDPA's amendments. See Lindh v. Murphy, 521 U.S. 320, 336 (1997)(AEDPA's amendments apply to habeas petitions filed after the AEDPA's effective date of April 24, 1996).

Under 28 U.S.C. § 2244(d)(1)(A), the one-year limitations period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. §2244(d)(2).

Because Petitioner did not file a motion to withdraw the plea or timely seek to appeal

3

his plea-based conviction, the conviction became "final" under 28 U.S.C. § 2244(d)(1)(A)[2] on June 22, 2007, ten days after the pronouncement of the judgment and sentence. See Okla. Stat. tit. 22, §1051; Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, ch. 18, App. The one-year limitations period for filing a federal habeas petition challenging the conviction expired one year later, on June 22, 2008. Consequently, absent statutory or equitable tolling exceptions, the Petition filed September 13, 2013, is time-barred.

Petitioner's post-conviction applications do not toll the limitations period because they were filed after the applicable limitations period expired. See Fisher v. Gibson, 262 F.3d 1135, 1142-1143 (10th Cir. 2001). The limitations period may be equitably tolled in extraordinary circumstances so long as the petitioner has diligently pursued his federal claims. Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2560 (2010). See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(one-year limitations period may be subject to equitable tolling in limited circumstances such as incompetence or actual innocence). Plaintiff is entitled to equitable tolling of the limitations period if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his habeas petition. Holland, 130 S.Ct. at 2562 (internal quotations and citation omitted). Extraordinary circumstances that warrant equitable tolling of the limitations period may include "a constitutional violation [that] has resulted in the

---

[2]The alternative methods set forth in § 2244(d)(1) for determining the beginning of the limitations period do not apply.

4

conviction of one who is actually innocent or incompetent." <u>Miller</u>,141 F.3d 976 at 978.

Petitioner asserts that he should be entitled to equitable tolling because he was unaware of the factual and/or legal basis for his double jeopardy claim until he consulted "a jail house lawyer." Petition, at 6. However, Plaintiff has not explained why he could not have discovered the factual or legal bases for his claim earlier. "[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220 (10th Cir. 2000)(quotation omitted). These is no basis for statutory or equitable tolling of the limitations period, and therefore the action should be dismissed as time-barred.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED as time-barred. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by <u>     November 11th  </u>, 2013, in accordance with 28 U.S.C. §636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991); <u>cf.</u> <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned

5

Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   21st   day of   October  , 2013.

*signature*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE