## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN E. HOWARD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  CIV-13-992-R |
| | ) |
| JIM FARRIS, Warden, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner, a state prisoner appearing pro se, filed this action seeking a writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On October 21, 2013, Judge Purcell issued a Report and Recommendation, wherein he recommended that the petition be dismissed as time-barred. The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation, raising this Court's obligation to conduct a *de novo* review.

Petitioner was convicted in the District Court of Oklahoma County, Case No. CF-2007-1892, following entry of a guilty plea. He was sentenced to imprisonment for ten years, to run concurrently with the sentence imposed in Case No. CF-96-385, District Court of Cleveland County. Thereafter Petitioner sought post-conviction relief in state court, because the Department of Corrections was running his sentences consecutively rather than concurrently. His request for post-conviction relief was granted by order dated July 21,

1999, which ordered the Oklahoma Department of Corrections to run his Oklahoma County sentence concurrently with the sentence imposed in Cleveland County.

On January 10, 2013, Petitioner again sought post-conviction relief in state court. Therein he alleged violation of his double jeopardy rights, ineffective assistance of counsel, that his guilty plea was not knowing and voluntary, and judicial and prosecutorial misconduct. The application was denied by the District Court of Oklahoma County on March 27, 2013, and the denial was affirmed on appeal in Case No. PC-2013-347, by the Oklahoma Court of Criminal Appeals on June 26, 2013.[1]

Respondent sought dismissal of the instant petition on the basis of 28 U.S.C. § 2244(d), which imposes a one-year statute of limitations period on the filing of a petition for habeas corpus relief. As noted by the Report and Recommendation, the one-year period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner did not seek to withdraw his guilty plea nor did he file a direct appeal following his conviction, which therefore became final on June 22, 2007, for purpose of § 2244(d)(1)(A). Accordingly, the time limit for seeking habeas corpus relief in this Court expired on June 22, 2008, and Petitioner's September 13, 2013 filing was untimely. Petitioner's applications for post-conviction relief did not toll the time limit, because they were each filed after expiration of the statute of limitations period.

---

[1] This information was obtained from the Oklahoma Supreme Court Network and is inconsistent with the dates provided by Petitioner. The inconsistencies, however, are irrelevant to the outcome of this case.

Petitioner's objection to the Report and Recommendation does not take issue with Judge Purcell's conclusions regarding the untimeliness of his petition but asserts he is entitled to tolling. He contends that when he violated a protective order entered against him in PO-07-107, District Court of Oklahoma County, he was sentenced to six months in the county jail, and that his actions that resulted in a finding of contempt of the protective order are the same actions to which he pled guilty in his criminal case.[2]

The Supreme Court has concluded that a claim of actual innocence can overcome the AEDPA's statute of limitations, *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013). Therein, however, the Court noted that even if a petitioner offers evidence that he is actually innocent, he must demonstrate diligence in pursuing his claims. The requirement of diligence precludes the Court from applying tolling in this matter. Petitioner was convicted in 2007, and although he contends that he was unaware of the potential for a double jeopardy claim until such time as he was sent to prison, that excuse is not sufficient justification. Furthermore, Petitioner did not file his application for post-conviction relief in Oklahoma County until many years after he was received into Department of Corrections custody.[3] The Court concludes Petitioner has failed to allege diligence sufficient to take advantage of equitable tolling, and accordingly, the Petition is hereby DISMISSED AS UNTIMELY.

---

[2] This is the Court's best interpretation of Petitioner's claims. Judge Purcell misconstrued Petitioner's claims as a challenge to his contempt conviction in Case No. PO-07-0107. His contention, however, is that his rights under the Double Jeopardy Clause were violated when he was subsequently charged with arson based on behavior used to support a finding of contempt. *See e.g. United States v. Dixon*, 113 S.Ct. 2849 (1993).

[3] According to the Department of Corrections' website, Petitioner was received into Department of Corrections custody on May 19, 2008.

The Report and Recommendation is adopted to the extent it is consistent with this Order.

IT IS SO ORDERED this 7th day of November, 2013.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE